UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLA RHODES, | No. 2:14-cv-1920-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| U.S. BANK NATIONAL ASSOCIATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

INTRODUCTION

      Plaintiff Willa Rhodes, proceeding without counsel, initially commenced this action in the San Joaquin County Superior Court on February 7, 2014, asserting several federal and state law claims against defendants U.S. Bank National Association, as trustee relating to Chevy Chase Funding, LLC Mortgage Backed Certificates Series 2006-1 ("U.S. Bank"); Specialized Loan Servicing, LLC ("SLS"); Mortgage Electronic Registration Systems, Inc. ("MERS"); MTC Financial, Inc. dba Trustee Corps ("MTC"); and Central Pacific Mortgage Company ("Central Pacific") regarding plaintiff's residential home loan. (See Complaint, Ex. 1 to Notice of Removal, ECF No. 1 ["Compl."] at 12-41.)[1]  On August 15, 2014, defendants U.S. Bank, SLS, and MERS (collectively "defendants") removed the action to this court, invoking the court's

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

federal question and diversity of citizenship jurisdiction. (ECF No. 1.) Plaintiff has not filed a motion to remand challenging removal to this court.

Subsequently, on August 22, 2014, defendants filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) On September 8, 2014, plaintiff filed her opposition to the motion, and defendants then filed their reply brief on September 22, 2014. (ECF Nos. 7, 8.) The motion was ultimately submitted on the record and written briefing without oral argument pursuant to Local Rule 230(g). (ECF No. 11.)

Having carefully considered the parties' briefs, the court's record, and the applicable law, the court recommends that defendants' motion to dismiss be granted, and that the action be dismissed with prejudice.

BACKGROUND

The background facts are taken from plaintiff's complaint, and certain public records and court filings subject to judicial notice.[2] According to a deed of trust dated December 21, 2005, and recorded on December 29, 2005, plaintiff borrowed $181,500.00 from Central Pacific pursuant to a written promissory note secured by a deed of trust on real property located at 9756 Costantino Court, Stockton, California 95212 (the "Property"), where plaintiff currently resides. (Defendants' Request for Judicial Notice, ECF No. 5 ["RJN"], Ex. 2.)

On April 2, 2010, a notice of default was recorded against plaintiff. (RJN, Ex. 4.) Plaintiff subsequently filed a petition for bankruptcy under Chapter 13 on May 24, 2010, in the United States Bankruptcy Court for the Eastern District of California. (RJN, Ex. 5.) On July 7, 2010, MERS, as nominee for Central Pacific, assigned the deed of trust on the Property to U.S. Bank. (RJN, Ex. 6.) On April 19, 2011, plaintiff's petition for bankruptcy was dismissed. (RJN, Ex. 7.) Then, on May 17, 2011, plaintiff filed a second petition for bankruptcy under Chapter 13. (RJN, Ex. 8.) That petition was subsequently dismissed on March 5, 2012. (RJN, Ex. 9.)

On April 2, 2012, MTC was substituted as trustee under the deed of trust. (RJN, Ex. 10.) That same day, a notice of trustee's sale was recorded, scheduling the sale of the Property for

---

[2] The court's analysis with respect to defendants' request for judicial notice in support of its motion to dismiss (ECF No. 5) is set forth in the "Discussion" section below.

April 30, 2012. (RJN, Ex. 11.) Plaintiff then filed a third petition for bankruptcy under Chapter 13 on April 17, 2012. (RJN, Ex. 12.) On December 18, 2012, plaintiff moved to convert her petition under Chapter 13 to a petition under Chapter 7. (RJN, Ex. 13.) Plaintiff was ultimately granted a discharge under Chapter 7 on April 2, 2013. (RJN, Ex. 14.)

In her complaint in this action, plaintiff generally alleges that defendants committed various fraudulent and unlawful acts in originating plaintiff's loan, negotiating a potential refinancing of the loan, assigning the deed of trust to defendant U.S. Bank, and recording the notice of default and notice of trustee's sale.[3] Specifically, plaintiff asserts the following twelve causes of action: (1) unlawful business practices in violation of California Business and Professions Code section 17200, predicated on violation of California Civil Code section 2923.5; (2) breach of the covenant of good faith and fair dealing; (3) slander of title; (4) alter ego liability; (5) breach of contract; (6) violation of California Business and Professions Code section 17200, predicated on violation of California Civil Code sections 2923.5, 2923.6, 1788.17, and 1572 et seq.; (7) predatory lending in violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); (8) violation of California Civil Code section 2923.5 et seq.; (9) defamation; (10) false light; (11) voiding or cancelling an assignment of a deed of trust; and (12) cancellation of a voidable contract under California Revenue and Taxation Code sections 23304.1 and 23305a, and violation of California Corporations Code section 191(c)(7). Plaintiff requests compensatory, general, and special damages in an amount exceeding $75,000; punitive damages; disgorgement of amounts wrongfully taken; attorneys' fees and costs; and various forms of declaratory and injunctive relief.

---

[3] It appears that plaintiff has copied, at least in part, from pleadings and briefs in one or more other cases. For example, in her complaint, plaintiff often refers to herself as "plaintiff*s*," including "by and on behalf of plaintiffs' [sic] individually." (See, e.g., Compl. ¶¶ 27-28, 42-44, 51-53, 64-66, 82-88.) Additionally, in her opposition to the motion to dismiss, plaintiff addresses arguments that defendants never raised, and discusses causes of action that she never asserted. (See, e.g., Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 7 ["Pl.'s Opp'n"] at 16 [asserting that "tender rule" does not apply despite defendants never arguing that it applies], 22 [discussing cause of action for unjust enrichment when plaintiff never asserted such a claim].) Plaintiff also discusses individuals named Nguyen Tran and Jagroop Bhandal, as well as JPMorgan Chase Bank, N.A.; Bear Stearns; and Encore Credit Corporation—none of whom is a party to this action. (See Pl.'s Opp'n at 13, 23.)

DISCUSSION

    Legal Standard

    A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

    In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

////

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Before turning to defendants' motion to dismiss, the court first considers defendants' request for judicial notice.

<u>Defendants' Request for Judicial Notice</u>

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Here, defendants request judicial notice of 15 documents: Exhibits 1-4, 6, 10, and 11 are documents recorded in the San Joaquin County Recorder's Office; Exhibits 5, 7-9, and 12-14 are documents filed in plaintiff's prior bankruptcy cases in the United States Bankruptcy Court for the Eastern District of California; and Exhibit 15 is a California Secretary of State Business Entity Detail for Mortgage Electronic Registration Systems, Inc. Because these documents constitute public records, the court takes judicial notice of their existence.

<u>Defendants' Motion to Dismiss</u>

Defendants first argue that plaintiff lacks standing to prosecute this action. For the reasons discussed below, that argument is dispositive of the motion.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). In order to have standing, "the plaintiff generally must

1 assert his [or her] own legal rights and interests, and cannot rest his [or her] claim to relief on the
2 legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

3 The filing of a petition for bankruptcy creates a bankruptcy estate, see 11 U.S.C. § 541(a),
4 of which the trustee is the representative, see 11 U.S.C. § 323(a).  A debtor's pre-petition causes
5 of action are part of the bankruptcy estate. Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001).
6 "Only a trustee may pursue a cause of action belonging to the bankruptcy estate." In re Stoll, 252
7 B.R. 492, 495 (9th Cir. B.A.P. 2000).  If a debtor fails to "schedule an asset, including a cause of
8 action, that asset continues to belong to the bankruptcy estate" and does not revert to the debtor
9 upon discharge and closing of the bankruptcy case. Cusano, 264 F.3d at 945-47.

10 As mentioned above, plaintiff's claims arise from defendants' alleged fraudulent and
11 unlawful acts in originating plaintiff's loan, negotiating a potential refinancing of the loan,
12 assigning the deed of trust to defendant U.S. Bank, and recording the notice of default and notice
13 of trustee's sale.  Thus, plaintiff's claims accrued no later than April 2, 2012, when the notice of
14 trustee's sale was recorded.  (See RJN Ex. 11.)  Since plaintiff filed her last petition for
15 bankruptcy approximately two weeks later, on April 17, 2012, her claims constitute pre-petition
16 causes of action, and thus became a part of the bankruptcy estate.  Furthermore, because plaintiff
17 failed to schedule any of her claims (see RJN Ex. 12), the claims did not revert to plaintiff upon
18 discharge and closing of her bankruptcy case.  As such, plaintiff lacks standing to bring the
19 claims asserted in her complaint.

20 Accordingly, the court recommends that the complaint be dismissed.  Because plaintiff's
21 complaint cannot be cured by improved pleading or additional factual allegations, the court
22 further concludes that leave to amend would be futile, and that the claims should be dismissed
23 with prejudice.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

24 In light of the court's conclusion that plaintiff lacks standing to bring the claims asserted
25 in her complaint, the court need not address defendants' other arguments.

26 <u>Dismissal of Non-Moving Defendants MTC and Central Pacific</u>

27 The court recommends that plaintiff's claims against defendants MTC and Central Pacific
28 likewise be dismissed.  "A District Court may properly on its own motion dismiss an action as to

defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Plaintiff's claims against MTC and Central Pacific are identical to those asserted against the moving defendants, and also constitute unscheduled, pre-petition causes of action, for which plaintiff lacks standing.  Therefore, those claims should likewise be dismissed with prejudice.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 5) is granted.
2. The January 8, 2015 status conference is vacated.  If necessary, the court will reschedule the date of that conference.
3. All pleading, motion practice, and discovery in this action are stayed pending resolution of these findings and recommendations by the district judge.  Other than objections to the findings and recommendations or non-frivolous motions seeking emergency relief, the court will not entertain further motions or amended pleadings until the findings and recommendations are resolved by the district judge.

IT IS ALSO HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's complaint (ECF No. 4) be granted.
2. The entire action be dismissed with prejudice.
3. The Clerk of Court be directed to close this case.

1  These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served on all parties and filed with the court within fourteen (14) days after service of the
7 objections.  The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
9 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10  IT IS SO ORDERED AND RECOMMENDED.

11 Dated:  October 30, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE